**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-02969-MSK-MJW

WESLEY "DEAN" STEWART, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

STONEHAM DRILLING CORPORATION,

    Defendant.

---

**ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION AS A
COLLECTIVE ACTION AND DIRECTING NOTICE**

---

**THIS MATTER** comes before the Court pursuant to the parties' Joint Motion for Conditional Collective Action Certification and Notice (**#29**).

The Plaintiff Wesley "Dean" Stewart asserts a single claim under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207,[1] against the Defendant Stoneham Drilling Corporation (Stoneham Drilling). He alleges that Stoneham Drilling improperly denied him properly computed overtime compensation for work he performed as an oilfield employee. Mr. Stewart also desires to assert similar claims on behalf of other oilfield workers employed by Stoneham Drilling from October 31, 2011 to February 9, 2015 in a representative capacity.

The FLSA allows "any one or more employees for and in behalf of himself or themselves and other employees similarly situated" to initiate an action against an employer for the wrongful denial of overtime compensation. 29 U.S.C. § 216(b). Other employees become plaintiffs to such action by filing written consent in the court where the action is commenced. *See id.*

---

[1] The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

The standard for determination of whether an FLSA action should be regarded as a collective action depends upon the time at which certification is sought. *See Thiessen v. General Electric Capital Corp.,* 267 F.3d 1095, 1102, 1105 (10th Cir. 2001). Often, a court typically makes an initial determination at the notice stage. *See id.* at 1102. Conditional certification of the case as a collective action at an early stage is appropriate facilitates the giving of notice to potential plaintiffs and discovery At the notice stage, a court uses a lenient standard to determine whether employees are situated similarly to the named plaintiff. A court considers whether there are substantial allegations that the plaintiffs were the victims of a single decision, policy or plan.

A determination at the conclusion of discovery involves application of a stricter standard. *See id.* at 1102-03. In determining whether plaintiffs are similarly situated at this later juncture, a court considers: (1) the employment situation of each plaintiff; (2) different defenses applicable to different plaintiffs; (3) fairness or procedural considerations; and (4) whether each plaintiff exhausted required remedies before joining the lawsuit. *See id.* at 1103.

The certification requested here is of the first type. Without agreeing that the putative class members are "similarly situated" under 29, U.S.C. §216(b), the parties have agreed that conditional certification of the action is appropriate. At the conclusion of discovery, the Court will determine whether this action should proceed as a collective action for purposes of trial.

**IT IS ORDERED THAT** the parties' Joint Motion for Conditional Collective Action Certification and Notice (#29) is **GRANTED**.

1. The following class of similarly situated persons is conditionally certified: All U.S. hourly oilfield employees employed by Stoneham Drilling Corporation during the period October 31, 2011 to February 9, 2015.

2. Defendant Stoneham Drilling Corporation ("Stoneham") shall provide the last

    known names, addresses, and email addresses of the potential class members to Plaintiffs' counsel no later than 14 days after the date of this Order.

3. Plaintiff's counsel shall distribute the Notice of Overtime Lawsuit (including the attached Consent to Join) in the form attached to the Parties' Joint Motion to the potential class members via mail and/or e-mail no later than 28 days after the date of this Order. Any mailed Notice shall be limited to the Notice and an addressed, postage-paid envelope. Any e-mailed Notice shall be limited to the Notice with the following message: "Attached please find a Notice of Overtime Lawsuit and Consent to Join form regarding the case styled *Wesley "Dean" Stewart v. Stoneham Drilling Corporation*, Case No. 1:14-cv-2969-MSK-MJW, United States District Court for the District of Colorado." Plaintiff's counsel shall advise Defendant's counsel of the date of the first mailing or e-mailing of the Notice.

3. Potential class members shall have 60 days from the date of the first mailing or emailing of the Notice to opt in to the litigation as party plaintiffs ("the Opt In Deadline"). Consent to Join forms must be postmarked (if mailed), fax stamped (if faxed), or e-mailed (if emailed) no later than 11:59 p.m. on the Opt In Deadline in order to be effective. Consent to Join forms returned after the Opt In Deadline shall not be effective, absent further order of the Court.

5. Plaintiff's counsel may send a reminder Notice by mail and/or e-mail thirty (30) days after the first mailing or e-mailing under the same conditions as the first Notice.

6. In light of the dismissal of all claims against Western Energy Services Corp. **(#31),** the caption in all future pleadings shall be amended to delete reference to such entity.

Dated this 10th day of April, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge